IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

Case No. 5:25-CV-84-BJB

*Electronically Filed*

SECURA INSURANCE COMPANY                                    PLAINTIFF

v.

MATTHEW KREUTZER

Serve: Matthew Kreutzer
       5800 Metropolis Lake Road
       West Paducah, KY 42086

and

SB CONSTRUCTION OF KENTUCKY, LLC

Serve: Brittany Nielsen (Registered Agent)
       Open Door Accounting, LLC
       2535 Highway 641 North
       Benton, KY 42025

and

STEPHEN BALLUFF

Serve: Stephen Balluff
       1757 Hamburg Road
       Kevil, KY 42053                                      DEFENDANTS

---

**COMPLAINT FOR DECLARATORY JUDGMENT**

---

Comes the Plaintiff, Secura Insurance Company ("Secura"), by counsel, and for its

Complaint for Declaratory Judgment, states as follows:

**PARTIES**

1.      At all times relevant hereto, Plaintiff Secura is an insurance company organized and incorporated under the laws of the state of Wisconsin, with its principal place of business located in the State of Wisconsin. At all relevant times hereto, Secura was licensed to and did transact insurance business in the State of Kentucky.

2.      Upon information and belief, Defendant Matthew Kreutzer ("Kreutzer" or "Underlying Plaintiff"), is and was at all times relevant a resident of McCracken County, Kentucky, with an address of 5800 Metropolis Lake Rd., West Paducah, Kentucky 42086.

3.      Defendant SB Construction of Kentucky, LLC ("SB Construction") is a Kentucky Limited Liability Company with a principal place of business of 1757 Hamburg Rd, Kevil, Kentucky 42053, and registered agent of Brittany Nielsen, Open Door Accounting, LLC, 2535 Highway 641 North, Benton, Kentucky 42025.

4.      Upon information and belief, Defendant Stephen Balluff ("Balluff") is and was at all times relevant a resident of Hickman County, Kentucky, with an address of 600 N. Waterfield Drive, Clinton, Kentucky 42031.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because:

    a.   Complete diversity exists between Secura and the Defendants; and

    b.   The amount in controversy in this matter exceeds the sum or value of $75,000, exclusive of interest and costs, as detailed below.

6.      This Court also has jurisdiction over this claim under the Declaratory Judgment Act, 28 U.S.C. § 2201.

7.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), in that all Defendants reside in this District and the underlying lawsuit is pending in the McCracken Circuit Court.

## UNDERLYING COMPLAINT

8.     On January 10, 2025, Defendant and Underlying Plaintiff Kreutzer filed a Complaint in McCracken Circuit Court, identified as Civil Action No. 25-CI-00032 (the "Underlying Complaint") or "underlying litigation"), naming SB Construction of Kentucky, LLC, and Stephen Balluff as Defendants ("Underlying Defendants"), seeking compensatory and punitive damages. A copy of the Underlying Complaint is attached hereto and identified as **Exhibit A**.

9.     The Underlying Plaintiff alleges that on February 14, 2022, he entered into a contract with the Underlying Defendants for the construction of a single-family residence in McCracken County, Kentucky ("the Project").[1]

10.     The Underlying Plaintiff alleges that the contract specified that compensation to SB Construction would be approximately $435,000 but not to exceed $450,000.[2]

11.     Count I of the Underlying Complaint alleges that the Underlying Defendants breached their contract with the Underlying Plaintiff by failing to timely perform their obligations under the contract, failing to perform work for which the Underlying Plaintiff paid in advance, and failing to refund unearned amounts upon the Underlying Plaintiff's termination of the contract.[3] Count I also alleges that the Underlying Plaintiff has paid the Underlying Defendants $679,167.39

---

[1] Exhibit A at ¶¶ 7-8.
[2] *Id*. at ¶ 9.
[3] *Id*. at ¶¶ 6-14.

and the Underlying Defendants still demand an additional $96,448 to complete their work on the Project, thereby causing the Underlying Plaintiff to suffer economic damages.[4]

12.     Count II of the Underlying Complaint alleges that the Underlying Defendants did not construct the Project in a skilled and workmanlike manner, resulting in numerous defects.[5] Count II also alleges that the Underlying Defendants have failed to timely perform their work under the contract, despite having been paid.[6] Count II alleges that the Underlying Plaintiff "will have to pay for repairs and costs to correct the defective conditions created by the [underlying] defendants[.]"[7]

13.     Count III of the Underlying Complaint alleges that, as a result of the Underlying Defendants' failure to complete work on the Project and failure to deliver material for which the Underlying Plaintiff paid in advance, the Underlying Defendants have been unjustly enriched and have caused the Underlying Plaintiff to suffer damages.[8]

14.     Count IV of the Underlying Complaint alleges that the Underlying Defendants violated the provisions of KRS § 198b and/or the Uniform State Building Code, causing the Underlying Plaintiff to suffer damages.[9]

15.     Count V of the Underlying Complaint alleges that the Underlying Defendants have violated KRS § 367.110, *et seq.*, the Kentucky Consumer Protection Act, by using or employing unfair, false, misleading, and/or deceptive trade practices, thereby causing the Underlying Plaintiff to suffer damages.[10]

---

[4] *Id*. at ¶ 13.
[5] *Id*. at ¶ 16.
[6] *Id*. at ¶ 17.
[7] *Id*. at ¶ 18.
[8] *Id*. at ¶¶ 19-22.
[9] *Id*. at ¶¶ 23-25.
[10] *Id*. at ¶¶ 26-30.

16.    Count VI of the Underlying Complaint alleges that the Underlying Defendants have violated KRS § 514.070 by obtaining the Underlying Plaintiff's property "upon agreement and/or subject to a known legal obligation to make a specified payment or other disposition" of that property, and intentionally "deal[ing] with the property as their own and/or fail[ing] to make the required payment or disposition[,]" thereby causing the Underlying Plaintiff to suffer damages.[11]

17.    Count VII of the Underlying Complaint alleges that the Underlying Plaintiff obtained a loan, secured by a mortgage, for the purpose of constructing his home, and the Underlying Defendants "willfully misappropriated and/or misapplied some of the proceeds from received from the Underlying Plaintiff's loan, in violation of KRS § 376.050, and thereby causing the Underlying Plaintiff to suffer damages.[12]

18.    Count VIII of the Underlying Complaint alleges that the Underlying Defendants "knowingly, recklessly, and/or intentionally made material misrepresentations to [the Underlying Plaintiff,]" including, but not limited to, "cost estimates, use of monies paid in advance by [the Underlying Plaintff], and the ability to perform the work which the [underlying] defendants obviously were unable to perform[.]"[13] It is alleged that these representations were material and were made falsely for the purpose of inducing the Underlying Plaintiff to act, thereby causing Underlying Plaintiff to suffer damages.[14]

19.    Count IX of the Underlying Complaint alleges that SB Construction is conducting business without giving notice to its customers of its status as a limited liability company.[15] Count

---

[11] *Id*. at ¶¶ 31-34.
[12] *Id*. at ¶¶ 35-37.
[13] *Id*. at ¶¶ 38-41.
[14] *Id*. at ¶ 40.
[15] *Id*. at ¶¶ 42-46.

IX requests that the court pierce the corporate veil and hold Balluff responsible for all actions of SB Construction.[16]

20.    Count X of the Underlying Complaint alleges that the Underlying Defendants "acted toward [Underlying Plaintiff] with oppression, fraud, and/or malice such that [Underlying Plaintiff] is entitled to recover punitive or exemplary damages from defendants[.]"[17] Count X also alleges that "[t]he defendants and either or both of them, authorized, ratified, and/or should have anticipated the conduct of each other defendant such that punitive damage awarded against one or more defendants herein should be assessed against any of the defendants."[18]

21.    The Underlying Complaint seeks relief of compensatory damages, special damages, punitive damages, pre- and post-judgment interest, costs, litigation costs and attorney fees, and a trial by jury.[19]

## POLICY

22.    Secura issued a Target Contractor Insurance Policy which included a Commercial General Liability Insurance Coverage Part pursuant to policy number 20-TC-003394577-0, effective August 3, 2023, to August 3, 2024 (the "Policy").[20] A copy of the Policy is attached hereto and identified as **Exhibit B**.

23.    "SECTION I – COVERAGES" of the Policy provides, in relevant part:

COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1.    Insuring Agreement

---

[16] *Id.* at ¶ 45.
[17] *Id.* at ¶ 48.
[18] *Id.* at ¶ 49.
[19] *Id.* at Prayer for Relief.
[20] The Policy also includes Commercial Property, Commercial Crime and Fidelity, Commercial Inland Marine, Employment Practices Liability, and Cyber Security coverage forms which are not relevant to the instant action.

      a.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . . .

      b.     This insurance applies to "bodily injury" and "property damage" only if:

          (1)     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

          (2)     The "bodily injury" or "property damage" occurs during the policy period; . . .

2.     Exclusions

This insurance does not apply to:

      a.     Expected Or Intended Injury

          "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. . . .

. . .

      j.     Damage To Property

          "Property damage" to:

. . .

          (5)     That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

          (6)     That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

. . .[21]

---

[21] Exhibit B at Secura000114 – Secura000118.

24. "SECTION II – WHO IS AN INSURED" of the Policy provides, in relevant part:

    1. If you are designated in the Declarations as:

. . .

    c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.
. . . [22]

25. "SECTION V – DEFINITIONS" of the Policy provides, in relevant part:

    13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

. . .

    22. "Your work":

        a. Means:

            (1) Work or operations performed by you or on your behalf; and
            (2) Materials, parts or equipment furnished in connection with such work or operations.

        b. Includes:

            (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and
            (2) The providing of or failure to provide warnings or instructions.
. . . [23]

26. The Policy includes an Exclusion – Contractors – Professional Liability endorsement (Form CG 22 79 07 98), which provides in relevant part:

The following exclusion is added to Paragraph 2., Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability and Paragraph

---

[22] *Id*. at Secura000122 – Secura000123.
[23] *Id*. at Secura000125 – Secura000129.

Complaint for Declaratory Judgment - 8

2., Exclusions of Section I – Coverage B – Personal And Advertising Injury Liability:

1.    This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render any professional services by you or on your behalf, but only with respect to either or both of the following operations:

      a.    Providing engineering, architectural or surveying services to others in your capacity as an engineer, architect or surveyor; or

      b.    Providing, or hiring independent professionals to provide, engineering, architectural or surveying services in connection with construction work you perform.

2.    Subject to Paragraph 3. below, professional services include:

      a.    Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders, or drawings and specifications; and

      b.    Supervisory or inspection activities performed as part of any related architectural or engineering activities.

3.    Professional services do not include services within construction means, methods, techniques, sequences and procedures employed by you in connection with your operations in your capacity as a construction contractor.[24]

27.    The Policy's Coverage A insuring agreement provides that this insurance applies to "bodily injury" and "property damage" that is caused by an "occurrence" which takes place during the "coverage period."[25] As such, the Policy's Coverage A is triggered only if the claims in the Underlying Complaint allege "bodily injury" or "property damage" caused by an "occurrence," meaning "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."[26]

---

[24] *Id*. at Secura000138.
[25] *Id*. at Secura000114.
[26] *Id*. at Secura00127.

28.     The Policy's Coverage A is applicable only to damages that an insured is legally obligated to pay, and the Policy provides that, when the named insured is designated on the Declarations page as a limited liability company, that limited liability company's members are also insureds, but only with respect to the conduct of the named insured's business, and the limited liability company's managers are insureds, but only with respect to their duties as managers.[27] As such, to the extent that the Underlying Complaint seeks damages against a person or entity other than the named insured, its members, coverage for such damages is precluded.

29.     The Policy's Coverage A is subject to an exclusion for "bodily injury" or "property damage" expected or intended from the standpoint of the insured.[28] As such, to the extent that the Underlying Complaint alleges "bodily injury" or "property damage" that was expected or intended from the standpoint of the insured, coverage for such claims is precluded by this exclusion.

30.     The Policy's Coverage A is subject to an exclusion for "property damage" to "[t]hat particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the 'property damage' arises out of those operations[.]"[29] As such, to the extent that the Underlying Complaint alleges "property damage" to the particular part of real property on which the Underlying Defendants or their contractors or subcontractors were performing operations, and that damage arose out of those operations, coverage for such claims is precluded by this exclusion.

31.     The Policy's Coverage A is subject to an exclusion for "property damage" to "[t]hat particular part of any property that must be restored, repaired or replaced because 'your work' was incorrectly performed on it."[30] As such, to the extent that the Underlying Complaint alleges

---

[27] *Id*. at Secura000122 – Secura000123.
[28] *Id*. at Secura000115.
[29] *Id*. at Secura000117 – Secura000118.
[30] *Id*. at Secura000117 – Secura000118.

"property damage" to the particular part of real property on which the Underlying Defendants incorrectly performed work which must not be restored, repaired, or replaced, coverage for such claims is precluded by this exclusion.

32.    The Policy is subject to an exclusion for claims for professional liability, such as providing engineering, architectural, or surveying services.[31] As such, to the extent that the Underlying Complaint alleges damages resulting from the Underlying Defendants' rendering or failure to render professional services, coverage for such claims is precluded by this exclusion.

## COUNT I

33.    Secura re-alleges, reavers, reiterates, and incorporates by reference as if set forth fully herein, each and every averment contained within the preceding paragraphs of this Complaint.

34.    Count I of the Underlying Complaint alleges that the Underlying Defendants breached their contract with the Underlying Plaintiff regard to the construction of the Project and the Underlying Plaintiff sustained economic damages as a result of that breach.[32]

35.    Section I, Coverage A, ¶ 1 of the Policy provides that this insurance applies to "bodily injury" and "property damage" caused by an "occurrence,"[33] which Section V – Definitions, ¶ 13 defines as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions[,]" resulting in the legal obligation to pay damages.[34]

36.    Under *Kentucky Farm Bureau Mutual Insurance Company v. Blevins*, a claim for breach of contract does not allege an "occurrence" as that term is used in a general liability policy.

---

[31] *Id*. at Secura000138.
[32] Exhibit A at ¶¶ 6-14.
[33] Exhibit B at Secura000114.
[34] *Id*. at Secura000127.

268 S.W.3d 368, 374 (Ky. Ct. App. 2008) (citing *Lenning v. Commercial Union Ins. Co.*, 260 F.3d 574 (6th Cir. 2001)).

37.     Because Count I of the Underlying Complaint alleges a breach of contract which does not constitute an "occurrence" as defined by the Policy, Coverage A does not provide coverage for the claims alleged in Count I.

38.     Under *Blevins*, damages for breach of contract do not constitute "damages" as that term is used in a general liability policy. 268 S.W.3d at 374-75 (citing 2 Insurance Claims and Disputes 5th § 11:7).

39.     Because Count I of the Underlying Complaint does not allege that the insured is liable for "damages" as that term is used in a general liability policy, Coverage A does not provide coverage for the claims alleged in Count I of the Underlying Complaint.

40.     In addition, because the Underlying Complaint does not allege "bodily injury" or "property damage" as defined in the Policy, Coverage A does not provide coverage for the claims alleged in the Underlying Complaint.

41.     Based on the foregoing, Secura seeks a declaration stating that Count I of the Underlying Complaint does not allege an "occurrence" as defined by the Policy, does not state a legal claim for damages as that term is used in a general liability policy, and does not allege "bodily injury" or "property damage," and therefore Secura has no duty under the Policy to pay, defend, indemnify, or extend coverage to the Underlying Defendants for the claims asserted therein.

## COUNT II

42.     Secura re-alleges, reavers, reiterates, and incorporates by reference as if set forth fully herein, each and every averment contained within the preceding paragraphs of this Complaint.

43.     Count II of the Underlying Complaint alleges that the Underlying Defendants did not construct the Project in a skilled and workmanlike manner, resulting in numerous defects.[35] Count II also alleges that the Underlying Defendants have failed to timely perform their work under the contract, despite having been paid.[36] Count II alleges that the Underlying Plaintiff "will have to pay for repairs and costs to correct the defective conditions created by the [underlying] defendants[.]"[37]

44.     Section I, Coverage A, ¶ 1 of the Policy provides that this insurance applies to "bodily injury" and "property damage" caused by an "occurrence,"[38] which Section V – Definitions, ¶ 13 defines as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions[,]" resulting in the legal obligation to pay damages.[39]

45.     Under *Cincinnati Insurance Company v. Motorists Mutual Insurance Company*, claims for defective construction do not constitute accidental "occurrences" because they are not fortuitous.[40] Fortuity encompasses two elements: intent to engage in the conduct that caused the harm and control over the conduct causing the harm.[41]

46.     Because Count II of the Underlying Complaint alleges that the Underlying Defendants intended to engage in the construction and had control over the construction, any alleged defects in the construction cannot be said to have been fortuitous, and thus were not an "occurrence," so the Policy does not provide coverage for the claims alleged in Count II of the Underlying Complaint.

---

[35] *Id*. at ¶ 16.
[36] *Id*. at ¶ 17.
[37] *Id*. at ¶ 18.
[38] Exhibit B at Secura000114.
[39] *Id*. at Secura000127.
[40] 306 S.W.3d 69, 73 (Ky. 2010).
[41] *Id*. at 74.

47. Section I, Coverage A, Exclusion j.(5) provides that this insurance does not apply to "property damage" to "[t]hat particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the 'property damage' arises out of those operations[.]"[42]

48. Because Count II of the Underlying Complaint alleges "property damage" that the Project requires "repairs and costs to correct the defective conditions created by the Defendants[,]"[43] the property damage alleged is excluded under Exclusion j.(5) as arising out of the Underlying Defendants' operations, and the Policy does not provide coverage for the claims alleged in Count II of the Underlying Complaint.

49. Section I, Coverage A, Exclusion j.(6) provides that this insurance does not apply to "property damage" to "[t]hat particular part of any property that must be restored, repaired or replaced because 'your work' was incorrectly performed on it."[44]

50. Because Count II of the Underlying Complaint alleges hat the Project requires "repairs and costs to correct the defective conditions created by the Defendants[,]"[45] the property damage alleged is excluded under Exclusion j.(6) as requiring repair as a result of the Underlying Defendants' work incorrectly performed, and the Policy does not provide coverage for the claims alleged in Count II of the Underlying Complaint.

51. Based on the foregoing, Secura seeks a declaration stating that Count II of the Underlying Complaint does not allege an "occurrence" as defined by the Policy, and that coverage for Count II is otherwise precluded by Exclusions j.(5) and j.(6), and therefore Secura has no duty

---

[42] Exhibit B at Secura000117 – Secura000118.
[43] Exhibit A at ¶ 18.
[44] Exhibit B at Secura000117 – Secura000118.
[45] Exhibit A at ¶ 18.

under the Policy to pay, defend, indemnify, or extend coverage to the Underlying Defendants for the claims asserted therein.

## COUNT III

52.     Secura re-alleges, reavers, reiterates, and incorporates by reference as if set forth fully herein, each and every averment contained within the preceding paragraphs of this Complaint.

53.     Count III of the Underlying Complaint alleges that, as a result of the Underlying Defendants' failure to complete work on the Project, failure to deliver material for which the Underlying Plaintiff paid in advance, and general non-performance under the contract, the Underlying Defendants have been unjustly enriched and have caused the Underlying Plaintiff to suffer damages.[46]

54.     Section I, Coverage A, ¶ 1 of the Policy provides that this insurance applies to "bodily injury" and "property damage" caused by an "occurrence,"[47] which Section V – Definitions, ¶ 13 defines as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions[,]" resulting in the legal obligation to pay damages.[48]

55.     Under *Cheyenne Resources, Inc. v. Elk Horn Coal Corp.*, a claim for unjust enrichment is an equitable claim whose remedy is restitution, and restitution not "damages."[49]

56.     Because Count III of the Underlying Complaint alleges unjust enrichment, it does not allege that the insured is liable for "damages" as that term is used in a general liability policy,

---

[46] *Id*. at ¶¶ 19-22.
[47] Exhibit B at Secura000114.
[48] *Id*. at Secura000127.
[49] 265 S.W.3d 184, 186-87 (Ky. 2008).

and Coverage A does not provide coverage for the claims alleged in Count III of the Underlying Complaint.

57.    Under *Kentucky Farm Bureau Mutual Insurance Company v. Blevins*, a claim for breach of contract does not allege an "occurrence" as that term is used in a general liability policy. 268 S.W.3d 368, 374 (Ky. Ct. App. 2008) (citing *Lenning v. Commercial Union Ins. Co.*, 260 F.3d 574 (6th Cir. 2001)).

58.    Because Count III of the Underlying Complaint alleges a breach of contract which does not constitute an "occurrence" as defined by the Policy, Coverage A does not provide coverage for the claims alleged in Count III.

59.    Based on the foregoing, Secura seeks a declaration stating that Count III of the Underlying Complaint does not allege an "occurrence" as defined by the Policy and does not state a legal claim for "damages" as that term is used in a general liability policy, and therefore Secura has no duty under the Policy to pay, defend, indemnify, or extend coverage to the Underlying Defendants for the claims asserted therein.

## **COUNT IV**

60.    Count IV of the Underlying Complaint alleges that the Underlying Defendants violated the provisions of KRS § 198b and/or the Uniform State Building Code, causing the Underlying Plaintiff to suffer damages.[50]

61.    Section I, Coverage A, ¶ 1 of the Policy provides that this insurance applies to "bodily injury" and "property damage" caused by an "occurrence,"[51] which Section V – Definitions, ¶ 13 defines as "an accident, including continuous or repeated exposure to

---

[50] Exhibit A at ¶¶ 23-25.
[51] Exhibit B at Secura000114.

substantially the same general harmful conditions[,]" resulting in the legal obligation to pay damages.[52]

62.    In *State Auto Property and Casualty Insurance Company v. Bragg*,[53] Judge Russell applied the Kentucky Supreme Court's reasoning from *Cincinnati Insurance Company v. Motorist Mutual Insurance Company*[54] to conclude that, just as faulty workmanship on its own is not an "occurrence," "violations of the Kentucky Consumer Protection Act and the Kentucky Building Code are not covered by the CGL policy, as there is no way to classify them as '"occurrences.'"

63.    Because Count IV of the Underlying Complaint alleges that the Underlying Defendants "violated the provisions of KRS 198b and/or the Uniform State Building Code causing damage to Kreutzer[,]" Count IV does not allege an "occurrence" as defined by the policy, and Coverage A does not provide coverage for the claims asserted in Count IV.

64.    Section I, Coverage A, Exclusion j.(5) provides that this insurance does not apply to "property damage" to "[t]hat particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the 'property damage' arises out of those operations[.]"[55]

65.    To the extent that Count IV of the Underlying Complaint alleges that the Underlying Defendants' violations of KRS 198b and/or the Uniform State Building Code caused damage, the property damage alleged is excluded under Exclusion j.(5) as arising out of the Underlying Defendants' operations, and the Policy does not provide coverage for the claims alleged in Count IV of the Underlying Complaint.

---

[52] *Id*. at Secura000127.
[53] 2014 WL 801514, *2 (W.D. Ky. February 28, 2014).
[54] 306 S.W.3d 69 (Ky. 2010).
[55] Exhibit B at Secura000117 – Secura000118.

66.    Section I, Coverage A, Exclusion j.(6) provides that this insurance does not apply to "property damage" to "[t]hat particular part of any property that must be restored, repaired or replaced because 'your work' was incorrectly performed on it."[56]

67.    To the extent that Count IV of the Underlying Complaint alleges that the Underlying Defendants' violations of KRS 198b and/or the Uniform State Building Code caused damage, the property damage alleged is excluded under Exclusion j.(6) as requiring repair as a result of the Underlying Defendants' work incorrectly performed, and the Policy does not provide coverage for the claims alleged in Count II of the Underlying Complaint.

68.    Based on the foregoing, Secura seeks a declaration stating that Count IV of the Underlying Complaint does not allege an "occurrence" as defined by the Policy, and that coverage for Count IV is otherwise precluded by Exclusions j.(5) and j.(6), and therefore Secura has no duty under the Policy to pay, defend, indemnify, or extend coverage to the Underlying Defendants for the claims asserted therein.

## **COUNT V**

69.    Count V of the Underlying Complaint alleges that the Underlying Defendants have violated KRS § 367.110, et seq., the Kentucky Consumer Protection Act, by using or employing unfair, false, misleading, and/or deceptive trade practices, thereby causing the Underlying Plaintiff to suffer damages.[57]

70.    Section I, Coverage A, ¶ 1 of the Policy provides that this insurance applies to "bodily injury" and "property damage" caused by an "occurrence,"[58] which Section V – Definitions, ¶ 13 defines as "an accident, including continuous or repeated exposure to

---

[56] *Id*. at Secura000117 – Secura000118.
[57] Exhibit A at ¶¶ 26-30.
[58] Exhibit B at Secura000114.

substantially the same general harmful conditions[,]" resulting in the legal obligation to pay damages.[59]

71.     In *State Auto Property and Casualty Insurance Company v. Bragg*,[60] Judge Russell applied the Kentucky Supreme Court's reasoning from *Cincinnati Insurance Company v. Motorist Mutual Insurance Company*[61] to conclude that, just as faulty workmanship on its own is not an "occurrence," "violations of the Kentucky Consumer Protection Act and the Kentucky Building Code are not covered by the CGL policy, as there is no way to classify them as "'occurrences.'"

72.     Because Count V of the Underlying Complaint alleges that the Underlying Defendants violated KRS § 367.170 by "us[ing] or employ[ing] unfair, false, and/or misleading or deceptive practices[,]"  Count V does not allege an "occurrence" as defined by the policy, and Coverage A does not provide coverage for the claims asserted in Count V.

73.     Based on the foregoing, Secura seeks a declaration stating that Count V of the Underlying Complaint does not allege an "occurrence" as defined by the Policy, and therefore Secura has no duty under the Policy to pay, defend, indemnify, or extend coverage to the Underlying Defendants for the claims asserted therein.

## COUNT VI

74.     Count VI of the Underlying Complaint alleges that the Underlying Defendants have violated KRS § 514.070 by obtaining the Underlying Plaintiff's property "upon agreement and/or subject to a known legal obligation to make a specified payment or other disposition" of that property, and intentionally "deal[ing] with the property as their own and/or fail[ing] to make the required payment or disposition[,]" thereby causing the Underlying Plaintiff to suffer damages.[62]

---

[59] *Id*. at Secura000127.
[60] 2014 WL 801514, *2 (W.D. Ky. February 28, 2014).
[61] 306 S.W.3d 69 (Ky. 2010).
[62] Exhibit A at ¶¶ 31-34.

75.    Section I, Coverage A, ¶ 1 of the Policy provides that this insurance applies to "bodily injury" and "property damage" caused by an "occurrence,"[63] which Section V – Definitions, ¶ 13 defines as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions[,]" resulting in the legal obligation to pay damages.[64]

76.    KRS § 514.070 establishes criminal liability for failing to make a payment or otherwise properly dispose of property the defendant obtains "subject to a known legal obligation" to do so. Proof of a violation of KRS § 517.070 requires a showing that the defendant "intentionally deals with the property as his or her own" in failing to make the required disposition.

77.    Under *Cincinnati Insurance Company v. Motorist Mutual Insurance Company*, a loss or harm is not fortuitous, and thus not an "occurrence" as that term is used in a liability insurance policy, if the loss or harm is caused intentionally by the insured.[65]

78.    Because Count VI of the Underlying Complaint alleges that the Underlying Defendants violated KRS § 514.070 by obtaining the Underlying Plaintiff's property "upon agreement and/or subject to a known legal obligation to make a specified payment or other disposition" of that property, and intentionally "deal[ing] with the property as their own and/or fail[ing] to make the required payment or disposition[,]"[66] Count VI does not allege an "occurrence" as defined by the policy, and Coverage A does not provide coverage for the claims asserted in Count VI.

79.    Based on the foregoing, Secura seeks a declaration stating that Count VI of the Underlying Complaint does not allege an "occurrence" as defined by the Policy, and therefore

---

[63] Exhibit B at Secura000114.
[64] *Id*. at Secura000127.
[65] 306 S.W.3d 69, 74 (Ky. 2010).
[66] Exhibit A at ¶¶ 31-34.

Secura has no duty under the Policy to pay, defend, indemnify, or extend coverage to the Underlying Defendants for the claims asserted therein.

## COUNT VII

80.     Count VII of the Underlying Complaint alleges that the Underlying Plaintiff obtained a loan, secured by a mortgage, for the purpose of constructing his home, and the Underlying Defendants "willfully misappropriated and/or misapplied some of the proceeds from received from the Underlying Plaintiff's loan, in violation of KRS § 376.050, and thereby causing the Underlying Plaintiff to suffer damages.[67]

81.     Section I, Coverage A, ¶ 1 of the Policy provides that this insurance applies to "bodily injury" and "property damage" caused by an "occurrence,"[68] which Section V – Definitions, ¶ 13 defines as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions[,]" resulting in the legal obligation to pay damages.[69]

82.     KRS § 376.050 provides that "[n]o person shall willfully misappropriate or misapply the proceeds received from" a mortgage loan.

83.     In *Jones v. Dougherty*, the Kentucky Court of Appeals relied upon the Black's Law Dictionary definition of "willful" as meaning "[v]oluntary or intentional[.]"[70]

84.     Under *Cincinnati Insurance Company v. Motorist Mutual Insurance Company*, a loss or harm is not fortuitous, and thus not an "occurrence" as that term is used in a liability insurance policy, if the loss or harm is caused intentionally by the insured.[71]

---

[67] *Id*. at ¶¶ 35-37.
[68] Exhibit B at Secura000114.
[69] *Id*. at Secura000127.
[70] 412 S.W.3d 188, 193 (Ky. Ct. App. 2012).
[71] 306 S.W.3d 69, 74 (Ky. 2010).

85.    Because Count VII of the Underlying Complaint alleges that the Underlying Defendants "willfully misappropriate and/or misapplied some of the proceeds from received from the Underlying Plaintiff's loan[,]"[72] Count VII does not allege an "occurrence" as defined by the policy, and Coverage A does not provide coverage for the claims asserted in Count VII.

86.    Based on the foregoing, Secura seeks a declaration stating that Count VII of the Underlying Complaint does not allege an "occurrence" as defined by the Policy, and therefore Secura has no duty under the Policy to pay, defend, indemnify, or extend coverage to the Underlying Defendants for the claims asserted therein.

## COUNT VIII

87.    Count VIII of the Underlying Complaint, labeled as "Fraud/Negligent Misrepresentation," alleges that the Underlying Defendants "knowingly, recklessly, and/or intentionally made material misrepresentations to [the Underlying Plaintiff,]" including, but not limited to, "cost estimates, use of monies paid in advance by [the Underlying Plaintff], and the ability to perform the work which the [underlying] defendants obviously were unable to perform[.]"[73] It is alleged that these representations were material and were made falsely for the purpose of inducing the Underlying Plaintiff to act, thereby causing Underlying Plaintiff to suffer damages.[74]

88.    Section I, Coverage A, ¶ 1 of the Policy provides that this insurance applies to "bodily injury" and "property damage" caused by an "occurrence,"[75] which Section V – Definitions, ¶ 13 defines as "an accident, including continuous or repeated exposure to

---

[72] Exhibit A at ¶¶ 35-37.
[73] *Id*. at ¶¶ 38-41.
[74] *Id*. at ¶ 40.
[75] Exhibit B at Secura000114.

substantially the same general harmful conditions[,]" resulting in the legal obligation to pay damages.[76]

89.     Under Kentucky law, fraud happens "where deception was 'intentionally practiced to induce another' and there was a 'material misrepresentation made with the knowledge that it was false and with the intent that it be acted upon.'"[77]

90.     Under *Cincinnati Insurance Company v. Motorist Mutual Insurance Company*, a loss or harm is not fortuitous, and thus not an "occurrence" as that term is used in a liability insurance policy, if the loss or harm is caused intentionally by the insured.[78]

91.     Because Count VIII of the Underlying Complaint alleges that the Underlying Defendants acted intentionally to mislead the Underlying Plaintiff and to induce him to act, Count VIII does not allege an "occurrence" as defined by the policy, and Coverage A does not provide coverage for the claims asserted in Count VIII.

92.     Section I, Coverage A, Exclusion a. provides that this insurance does not apply to "bodily injury" or "property damage" expected or intended from the standpoint of the insured.[79]

93.     Because Count VIII of the Underlying Complaint alleges that the Underlying Defendants acted intentionally to mislead the Underlying Plaintiff and to induce him to act, thereby causing Underlying Plaintiff to suffer damages, Exclusion a. precludes coverage under the Policy for the claims alleged in Count VIII of the Underlying Complaint

94.     Based on the foregoing, Secura seeks a declaration stating that Count VIII of the Underlying Complaint does not allege an "occurrence" as defined by the Policy, and that coverage

---

[76] *Id.* at Secura000127.
[77] *Sullivan v. Sullivan*, 2025 WL 223609, at *3 (Ky. Ct. App. Jan. 17, 2025) (quoting *Boatwright v. Walker*, 715 S.W.2d 237, 243 (Ky. Ct. App. 1986)).
[78] 306 S.W.3d 69, 74 (Ky. 2010).
[79] Exhibit B at Secura000115.

for Count VIII is otherwise precluded by Exclusion a., and therefore Secura has no duty under the Policy to pay, defend, indemnify, or extend coverage to the Underlying Defendants for the claims asserted therein.

<div align="center">**COUNT IX**</div>

95.     Count IX of the Underlying Complaint alleges that SB Construction is conducting business without giving notice to its customers of its status as a limited liability company.[80] Count IX requests that the court pierce the corporate veil and hold Balluff responsible for all actions of SB Construction.[81]

96.     The Complaint alleges that Balluff "owns, manages, and/or does business as SB Construction or SB Construction of Kentucky, LLC."[82]

97.     According to the Kentucky Secretary of State's website, SB Construction of Kentucky, LLC, is a Kentucky Limited Liability Company, and Rachel E. Balluff is the sole member/manager of that Limited Liability Company. A copy of the Secretary of State's General Information about SB Construction of Kentucky, LLC, and a copy of SB Construction of Kentucky, LLC's most recent Annual Report are attached hereto as **Exhibit C**.

98.     Section II, Who Is An Insured, ¶ 1.c. provides that if the insured is designated in the Declarations as a limited liability company, "[y]our members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers."[83]

99.     Because Balluff is neither a member nor a manager of SB Construction of Kentucky, LLC, Balluff does not meet the Policy's definition of an insured.

---

[80] Exhibit A at ¶¶ 42-46.
[81] *Id*. at ¶ 45.
[82] *Id*. at ¶ 3.
[83] Exhibit B at Secura000122.

100.    Based on the foregoing, Secura seeks a determination that Balluff is not an "insured" as defined by the Policy, and therefore Secura has no duty under the Policy to pay, defend, indemnify, or extend coverage to Balluff for the claims asserted in the Complaint, including Count IX.

## COUNT X

101.    Count X of the Underlying Complaint alleges that the Underlying Defendants "acted toward [Underlying Plaintiff] with oppression, fraud, and/or malice such that [Underlying Plaintiff] is entitled to recover punitive or exemplary damages from defendants[.]"[84] Count X also alleges that "[t]he defendants and either or both of them, authorized, ratified, and/or should have anticipated the conduct of each other defendant such that punitive damage awarded against one or more defendants herein should be assessed against any of the defendants."[85]

102.    Under *Dalton v. Animas Corp.*, "a claim for punitive damages is not a separate cause of action, but a remedy potentially available for another cause of action."[86]

103.    Because the Policy does not provide coverage for any of the the causes of action in the Underlying Complaint, as discussed herein, the Policy similarly does not provide coverage for the punitive damages the Underlying Complaint seeks as a remedy for those causes of action.

104.    Based on the foregoing, Secura seeks a determination that Secura has no duty under the Policy to pay, defend, indemnify, or extend coverage to the Underlying Defendants for the punitive damages sought in the Underlying Complaint.

**WHEREFORE**, the Plaintiff, Secura Insurance Company, prays the Court as follows:

---

[84] Exhibit A at ¶ 48.
[85] *Id*. at ¶ 49.
[86] 913 F.Supp.2d 370, 378 (W.D. Ky. 2012).

1.      For entry of a Declaratory Judgment from this Court, declaring that the Plaintiff, Secura Insurance Company, has no duty to pay, defend, indemnify, or extend coverage to the Defendants, SB Construction of Kentucky, LLC, and Stephen Balluff, for any damages that have been sought by the Underlying Plaintiff Matthew Kreutzer, or that are sought or may be sought by any individual relating to the subject matter of the Underlying Lawsuit;

2.      For an award of its costs sustained herein, including reasonable attorneys' fees (if applicable);

3.      For trial of this cause by Jury; and

4.      For any and all other just and proper relief to which this Court may deem it is entitled.

<div style="margin-left:40%">

*/s/ Barry M. Miller*
_____
Barry M. Miller
Sean C. Harrison
2525 Harrodsburg Road, Suite 500
Lexington, KY 40504
(859) 410-7851
BMiller@fmglaw.com
Sean.Harrison@fmglaw.com
*Counsel for Plaintiff, Secura Insurance Company*

</div>